UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE | Case No. _____<br><br>**FILED UNDER SEAL** |

## APPLICATION

The United States of America, moving by and through Assistant United States Attorney Cesar A. Vega, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order, under 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of a pen register and a trap and trace device ("pen/trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to and from the WhatsApp account(s) listed in **Attachment A**. In support, the United States asserts:

1. This is an application, under 18 U.S.C. § 3122(a)(1), for an order authorizing the installation and use of a pen register and a trap and trace device, under 18 U.S.C. § 3123.

2. Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application," (2) "the identity of the law enforcement agency conducting the investigation," and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government," as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is the United States Drug Enforcement Administration ("DEA"), Manchester, New Hampshire District Office.

5. The applicant hereby certifies that the information likely to be obtained by the requested pen/trap device is relevant to an ongoing criminal investigation being conducted by DEA Manchester into possible violations of 21 U.S.C. § 841(a)(1) (distribution of controlled substances and possession with intent to distribute controlled substances), 21 U.S.C. § 846 (conspiracy to distribute and possess with intent to distribute controlled substances), and 21 U.S.C. § 843(b) (unlawful use of a communication facility) by CARLOS E. VELEZ ANGULO ("VELEZ"), and others known and unknown to the government.

6. The Court has jurisdiction to issue the requested order as a "court of competent jurisdiction," under 18 U.S.C. § 3122(a)(1). Specifically, the Court is a district court of the United States that "has jurisdiction over the offense being investigated." 18 U.S.C. § 3127(2)(A)(i).

**ADDITIONAL INFORMATION**

7. Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9. In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to communications sent over the Internet, as described below.

10. WhatsApp LLC ("WhatsApp") is a United States company that is the provider of a wire and electronic communication service as defined by 18 U.S.C. §§ 3127(1) and 2510. Specifically, WhatsApp provides an Internet-based multimedia messaging service, WhatsApp Messenger, via a cross-platform smartphone application that enables users to communicate with each other via text, voice, and video. Users can also exchange recorded audio and video messages, photos and other files, and their location. The smartphone application can be paired with the WhatsApp Web or Desktop services to achieve similar functionality from other devices. Communication with other users over WhatsApp requires Internet access.

11. Each WhatsApp account has a unique account identifier in the form of a verified telephone number. These phone numbers are used by WhatsApp users to identify the intended recipient of the messages they send and the sender of messages they receive; they are like the telephone numbers of incoming outgoing calls because they indicate both origin and destination(s). These phone numbers/account identifiers can be recorded by a pen/trap device and can be used to identify parties to a communication without revealing the communication's content.

12. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol ("IP") address. This number is used to route information between devices. Generally, when one Internet-connected device (such as a laptop or smartphone) requests information from a second device (such as WhatsApp servers hosting data relating to the subscriber's account), the requesting device specifies its own IP address so that the responding device knows where to send its response. In other words, when a user logs into their WhatsApp

account or takes an action while logged in, the user's device transmits the IP address assigned to it to WhatsApp servers as part of its communication. This IP address is analogous to a telephone number and can be recorded by a pen/trap device, and it indicates the online identity of the communicating device without revealing the communication's content.

13. On the Internet, data transferred between devices is not sent as a continuous stream, but rather it is split into discrete packets. Generally, a single communication is sent as a series of packets. When the packets reach their destination, the receiving device reassembles them into the complete communication. Each packet has two parts: a header, which contains routing and control information, and a payload, which generally contains user data. The header contains non-content information such as the packet's source and destination IP addresses and the packet's size. Source and destination port numbers are also included in specific fields within the headers of data packets and are used to route data packets to a specific device or a specific process running on a device. When combined with the source and destination IP addresses, this routing information identifies the source device transmitting an IP packet and the destination device receiving the IP packet, and it is possible to record it via a pen/trap device without capturing the communication's content.

14. The matter under investigation involves information provided to law enforcement by a confidential source ("CS"), who identified two male subjects jointly engaged in the transportation of narcotics from New York to Maine. One of the male subjects is VELEZ, who would use different vehicles during these trips and stop at a location in Nashua, New Hampshire, to drop off a quantity of narcotics before returning to New York. CS has contacted VELEZ over the WhatsApp account listed in **Attachment A**.

15. The conduct being investigated involves use of the WhatsApp account(s) described in **Attachment A**. To further the investigation, DEA seeks to obtain dialing, routing, addressing, and signaling information associated with communications sent to or from the account(s).

### GOVERNMENT REQUESTS

16. For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of a pen/trap device to record, decode, and/or capture the dialing, routing, addressing, and signaling information associated with each communication to or from the WhatsApp account(s) described in **Attachment A**, including, without geographic limit: the date and time of the communication; source and destination information (including account and device identifiers and login and transactional IP addresses with associated port numbers); and any other header or routing information. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

17. The United States further requests that the Court authorize the installation and use for a period of sixty days from the issuance of the requested order, under 18 U.S.C. § 3123(c)(1).

18. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order WhatsApp and any other person or entity providing electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen/trap device, including installation and operation of the pen/trap device unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by DEA, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

19. The United States further requests that the Court order WhatsApp and any other person or entity whose assistance may facilitate execution of the requested order to provide such necessary information, facilities, and technical assistance so that DEA begins to receive the information described above as soon as practicable, but not later than five days, after service of the requested order upon WhatsApp.

20. The United States further requests that the Court order WhatsApp and any other person or entity whose assistance may facilitate execution of this Order to provide prior notice to the applicant and DEA before terminating or changing service to the account(s) described in **Attachment A**.

21. The United States further requests that the Court order that DEA and the applicant have access to the information collected by the pen/trap device as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to DEA, for the duration of the requested order.

22. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order WhatsApp and any other person or entity whose assistance facilitates execution of the requested order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and requested order, the resulting pen/trap device, or this investigation, unless and until authorized by this Court, except that WhatsApp may disclose the requested order to an attorney for WhatsApp for the purpose of receiving legal advice.

23. The United States further requests that this application and any resulting order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

24. The United States further requests that the Clerk of the Court provide the United States Attorney's Office with three certified copies of this application and requested order, and provide three certified copies of the requested order to DEA and WhatsApp upon request.

25. The foregoing is based on information provided to me in my official capacity by agents of DEA Manchester.

Signed under the pains and penalties of perjury this __4th__ day of _____May_____ 2023.

_____
Cesar A. Vega
Assistant United States Attorney
Massachusetts Board of Bar Overseers #676161
United States Attorney's Office
53 Pleasant Street
Concord, NH 03301
(603) 419-0881 (cell phone)
cesar.vega@usdoj.gov

## **ATTACHMENT A**

WhatsApp LLC

| Type of facility | Number or identifier | Subscriber/customer name, if known | Identity of subject of criminal investigation, if known |
|---|---|---|---|
| WhatsApp LLC Account | +1 (347) 912-9019 | Unknown | Carlos E. Velez Angulo |